Jacob Lawrow
vs.
New England Window & Housecleaning Company

W. C. A. No. 1006.

May 21, 1930.

TANNER, J. The petitioner was a window-cleaner, 60 years old, a native of Ukrania, and unable to speak or write the English language. He testified through an interpreter that he was employed by the respondent and that the proprietor, Goldman, said to a young man, who was also a window-cleaner, "Take this fellow (meaning the plaintiff) to help you" and gave him the slips. This meant the slips containing the addresses of the parties whose windows were to be cleaned.

Goldman says that he took the petitioner and also the other window-cleaner to the front window and showed them how they should go to the Franklin Auto Service Company by way of the public streets. The other young man said that he didn't remember any such thing.

The young man started ahead and took the petitioner through private property, came to a locked gate and climbed over it, telling the petitioner to come on. Petitioner attempted to climb the fence and his trousers were caught on the fence and he was injured.

Respondent asks us to apply the well known rule that if an employee goes outside of the regular way and uses an unnecessarily dangerous way, he is going outside of his employment. But we have here the case of an ignorant old man, who could neither read nor write, who was not entrusted with the slips containing the addresses and was supposed to accompany the young man who did have the addresses. It seems to us that the employer was virtually conferring upon the young man in this case the authority to conduct the petitioner to the place of work. If the petitioner on coming to the fence had declined to follow the young man, he wouldn't have known where to go and would probably have lost his job. It therefore seems to us that under the circumstances of this case the respondent is liable for the accident which occurred to the petitioner.

The parties may, if they desire, argue the amount of compensation that is due to the petitioner on the evidence.

For petitioner: Samuel A. Silverman.

For respondent: Harvey S. Reynolds, Greenough, Lyman & Cross.